Tyler J. Bellis, OSB No. 082600
Email: tylerb@mcewengisvold.com
Alysha Van Zante, OSB No. 184664
Email: alyshav@mcewengisvold.com
McEwen Gisvold LLP
1100 SW 6th Ave, Suite 1600
Portland, OR 97204
Telephone:  (503) 226-7321
Facsimile:  (503) 243-2687

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **NATIONS FUND I, LLC,** a Delaware limited liability company,<br><br>     Plaintiff,<br><br> v.<br><br>**WESTWARD MANAGEMENT COMPANY, LLC,** a Washington limited liability company; **WESTWARD MANAGEMENT COMPANY II, LLC,** a Washington limited liability company; **WESTWARD PARTNERS, LLC,** a Washington limited liability company; **ALEXANDER CLARK,** an individual; **TRAVIS WILT,** an individual; and **ROBERT ANDREW BALDRIDGE**, an individual,<br><br>     Defendants. | Civil No. 6:20-cv-00498<br><br>**COMPLAINT**<br><br>FRAUD; FRAUD IN THE INDUCEMENT; ALTER EGO<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT
Page 1 of 27
Case No. 6:20-cv-00498

Plaintiff Nations Fund I, LLC ("Nations" or "Plaintiff") for its Complaint against Defendants Westward Management Company, LLC ("Westward I"), Westward Management Company II, LLC ("Westward II"), Westward Partners, LLC ("Westward Partners", together with Westward I and Westward II, collectively "Westward"), Alexander Clark ("Clark"), Travis Wilt ("Wilt") and Robert Andrew Baldridge ("Baldridge", together with Clark and Wilt, collectively the "Individual Defendants", and together with Westward, collectively the "Defendants"), hereby alleges as follows:

## INTRODUCTION

1.      This matter arises out of a fraudulent scheme perpetrated by Defendants by which they induced Plaintiff to advance in a financing transaction with non-party Axis Crane, LLC, an Oregon limited liability company ("Axis"), an additional $1,200,000 over and above the value of the equipment being financed.  Plaintiff seeks the recovery of the $1,200,000 Defendants stole from Plaintiff through their deception and intentional misrepresentations.

2.      The fraudulent scheme revolves around a sale/leaseback transaction between Plaintiff and Axis for a 2006 Liebherr LR 1400/2 440 Ton Lattice Boom Crawler Crane (the "2006 Liebherr Crane") in the specific configuration and with the specific accessories, including the wide frame and narrow track system (the "Wide Frame/Narrow Track"), identified by Defendants, each of whom hold, or held at all times relevant herein, an interest in Axis either directly or indirectly. The 2006 Liebherr Crane with the Wide Frame/Narrow Track, collectively, is referred to herein as the "2006 Liebherr Crane Package".  Specifically, Defendants requested that Plaintiff purchase the 2006 Liebherr Crane Package from Axis at 100% of its fair market

COMPLAINT
Page 2 of 27
Case No. 6:20-cv-00498

value and, as part of the same transaction, lease the 2006 Liebherr Crane Package back to Axis for a term of between 60 and 72 months.

3.    Based on numerous representations Defendants made to Plaintiff before entering into their sale/leaseback transaction, Plaintiff understood that Axis was renting the 2006 Liebherr Crane Package from non-party Bigge Crane and Rigging Company ("Bigge") pursuant to a long-term rental agreement that contained a purchase option ("RPO").   Based on Defendants' representations, and as is common with many RPOs, Plaintiff understood that a portion of the monthly rental payments made by Axis to Bigge was credited toward the RPO purchase price for the 2006 Liebherr Crane Package.  Based on Defendants' representations, and as is also common with many RPOs, Plaintiff understood that the rental credit paid by Axis to Bigge toward the RPO purchase price outpaced depreciation of the 2006 Liebherr Crane Package, resulting in the RPO purchase price being below the fair market value of the 2006 Liebherr Crane Package. This kind of long-term RPO allows a lessee, such as Axis, to acquire significant equity in the rented unit upon exercising the purchase option.

4.    Baldridge, who is the founder of the Westward entities that own a majority stake in Axis and a member of Axis's board of directors, approached Plaintiff in February of 2018 with the prospect of entering into a sale/leaseback transaction for the 2006 Liebherr Crane Package. Baldridge represented to Plaintiff that, based on an appraisal conducted for Axis's asset-based lender, the fair market value of the 2006 Liebherr Crane Package was $3,005,000, and that Axis could, at the time, exercise the RPO with Bigge for $2,294,845 – leaving Axis with over $710,000 in equity in the 2006 Liebherr Crane Package. As communicated to Plaintiff,

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

Defendants wanted to convert this equity into cash through the sale/leaseback transaction with Plaintiff.

5.    Defendants continually represented to Plaintiff throughout the underwriting process that the entire 2006 Liebherr Crane Package (including the Wide Frame/Narrow Track) was to be included in the sale/leaseback transaction. Based on Defendants' representations, Plaintiff obtained an appraisal for the entire 2006 Liebherr Crane Package from Sterling Appraisals and Machinery LTD ("Sterling"), which valued it at $2,700,000. During the appraisal process, Defendants also represented to Sterling that the sale/leaseback transaction included the Wide Frame/Narrow Track and that the Wide Frame/Narrow Track should be included in Sterling's appraisal of the fair market value of the 2006 Liebherr Crane.

6.    By June 2018, before Plaintiff and Axis entered into the sale/leaseback transaction, Defendants represented to Plaintiff that Axis could exercise the RPO and purchase the 2006 Liebherr Crane Package from Bigge for $1,500,000, which would result in a $1,200,000 cash infusion to Axis upon the close of the sale/leaseback transaction.

7.    On June 13, 2018, the sale/leaseback transaction closed and Plaintiff purchased what it was led to believe was the entire 2006 Liebherr Crane Package from Axis at its appraised fair market value of $2,700,000. Of the $2,700,000 paid by Plaintiff, $1,500,000 was paid to Bigge under the RPO, and the remaining $1,200,000 was paid to Axis. Plaintiff simultaneously leased what it was led to believe was the entire 2006 Liebherr Crane Package back to Axis.

8.    Baldridge and Wilt signed the various sale/leaseback documents on behalf of Axis, representing to Plaintiff that Axis had good and marketable title to the entire 2006 Liebherr Crane Package conveyed thereunder (including the Wide Frame/Narrow Track), that Axis had

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

the power to transfer the same to Plaintiff, and that Axis had unconditionally and irrevocably accepted delivery of the entire 2006 Liebherr Crane Package for the purpose of selling it to and leasing it back from Plaintiff.

9.    On May 16, 2019, after having made only eight monthly payments to Plaintiff under their 60 month term lease agreement, Axis filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court").

10.    It was not until June 2019, after the Bankruptcy Court granted Plaintiff relief from the automatic stay to recover the 2006 Liebherr Crane Package, that Plaintiff learned it had been defrauded by Defendants.

11.    Unbeknownst to Plaintiff, and immediately prior to closing the sale/leaseback transaction with Plaintiff, Defendants informed Bigge that Axis would not be purchasing the entire 2006 Liebherr Crane Package, but, instead, would only be purchasing the 2006 Liebherr Crane (without the Wide Frame/Narrow Track). Although Defendants represented to Plaintiff that Axis could exercise the RPO for the entire 2006 Liebherr Crane Package for $1,500,000, Plaintiff subsequently learned that the purchase price paid by Axis for the 2006 Liebherr Crane alone was $1,500,000.

12.    Thus, Bigge only conveyed title to the 2006 Liebherr Crane, not the entire 2006 Liebherr Crane Package, to Axis. Despite Defendants' representations to Plaintiff that Axis was purchasing the entire 2006 Liebherr Crane Package from Bigge and that Axis was conveying good and marketable title therein to Plaintiff, and notwithstanding that Plaintiff paid Axis the fair

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321    Fax (503) 243-2687
tylerb@mcewengisvold.com

market value of $2,700,000 for the entire 2006 Liebherr Crane Package, the only interest Axis transferred to Plaintiff was title to the 2006 Liebherr Crane without the Wide Frame/Narrow Track.

13.    Defendants' intentional scheme caused Plaintiff to advance more than $1,200,000 to Axis for the Wide Frame/Narrow Track that Defendants knew was not and would never be part of the sale/leaseback transaction.

## THE PARTIES

14.    Plaintiff is a Delaware limited liability company with its principal place of business located in Norwalk, Connecticut. Plaintiff is a specialty commercial finance company that provides financing solutions to businesses across multiple industries nationwide.

15.    Upon information and belief, Westward I is a Washington limited liability company with its principal place of business located in Seattle, Washington. Upon information and belief, Westward I, individually or in combination with Westward II and/or Westward Partners, owns, through their wholly owned subsidiary Axis Crane Investco Corp. ("Investco"), a 65% interest in Axis.

16.    Upon information and belief, Westward II is a Washington limited liability company with its principal place of business located in Seattle, Washington.  Upon information and belief, Westward II, individually or in combination with Westward I and/or Westward Partners, owns, through their wholly owned subsidiary Investco, a 65% interest in Axis.

17.    Upon information and belief, Westward Partners is a Washington limited liability company with its principal place of business located in Seattle, Washington.  Upon information

/ / /

COMPLAINT
Page 6 of 27
Case No. 6:20-cv-00498

and belief, Westward Partners, individually or in combination with Westward I and/or Westward II, owns, through their wholly owned subsidiary Investco, a 65% interest in Axis.

18.     Upon information and belief, all members of Westward are citizens of Washington State.

19.     Wilt is an individual, upon information and belief, residing in Salem, Oregon. At all times relevant herein, Wilt was the President of Axis and owned a 20% membership interest in Axis.

20.     Clark is an individual, upon information and belief, residing in Tualatin, Oregon. At all times relevant herein, Clark was the Vice President of Axis and owned a 15% membership interest in Axis.

21.     Baldridge is an individual, upon information and belief, residing in Seattle, Washington. Upon information and belief, Baldridge is the managing director and a founding partner of Westward,and at all times relevant herein, Baldridge, along with other members of Westward, actively managed Axis and was a member of Axis's board of directors.

## NON-PARTIES RELEVANT TO PLAINTIFF'S CLAIMS

22.     Axis is an Oregon limited liability company with its principal place of business located in Hubbard, Oregon. At all times relevant herein, Axis was a manager-managed limited liability company and its board of directors – consisting of Baldridge, Tolzmann (as defined herein), Araki (as defined herein) and Wilt – was the manager. Axis was a full service crane rental company and is currently a debtor in a case under Chapter 7 of the Bankruptcy Code pending in the Bankruptcy Court.

23.     Upon information and belief, Investco is a Washington corporation, wholly

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

owned by Westward, with its principal place of business located in Seattle, Washington. Investco owns a 65% membership interest in Axis.

24.    Upon information and belief, Erik Tolzmann ("Tolzmann") is a founding partner of Westward and is or was a member of Axis's board of directors.

25.    Upon information and belief, at all times relevant herein, Blake Araki ("Araki") was a partner at Westward and is or was a member of Axis's board of directors.

26.    Jarrod Hicks ("Hicks") is employed by Plaintiff as Senior Vice President of Business Development.

27.    Todd Greenberg ("Greenberg") is employed by Plaintiff as Vice President of Risk.

28.    Sterling is a professional equipment appraisal and brokerage company specializing in comprehensive equipment evaluations.

29.    Daniel Anderson ("D. Anderson") is the President of Sterling and an accredited Senior Appraiser with the American Society of Appraisers and a Certified Canadian Personal Property Appraiser.

30.    Brett Anderson ("B. Anderson") is an employee of Sterling and a Certified Canadian Personal Property Appraiser.

31.    Nathan Schwandt ("Schwandt") is an employee of Sterling and a Certified Canadian Personal Property Appraiser.

32.    Bigge is a global sales and rental company that sold the 2006 Liebherr Crane to Axis in connection with the sale/leaseback transaction.

/ / /

33.     Robert Apo ("Apo") was a sales manager for Bigge who sold the 2006 Liebherr Crane to Axis in connection with the sale/leaseback transaction.

34.     Manitowoc Finance ("Manitowoc") is a finance company that sold a 2010 Grove GMK7550 All-Terrain Crane (the "2010 Grove Crane") to Axis in connection with the same underlying sale/leaseback transaction between Axis and Plaintiff.

## JURISDICTION AND VENUE

35.     The Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

36.     Venue lies in this District pursuant to 28 USC § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Defendants are subject to this Court's personal jurisdiction.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. Baldridge's Initial Communications With Plaintiff.

37.     On or about February 12, 2018, Baldridge, acting on behalf of Westward, e-mailed Hicks from his Westward email address advising that Axis was interested in obtaining a proposal from Plaintiff for a sale/leaseback transaction at 100% fair market value with respect to five units of equipment, which Baldridge represented had a total fair market value of $10,700,000 (the "February 12, 2018 e-mail"). Baldridge identified the five units of equipment by unit numbers, representing to Hicks that Axis owned unit numbers 406 and 502, could exercise early buy-out options for unit numbers 311 and 503, and was considering purchasing unit number 504 under the RPO.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

38.     In the February 12, 2018 e-mail, Baldridge attached a spreadsheet (the "Rouse Spreadsheet") that he claimed to be part of an appraisal that Rouse Appraisals, LLC ("Rouse") was preparing on behalf of Sterling National Bank, Axis's asset-based lender. Upon information and belief, the Rouse Spreadsheet listed all of Axis's cranes and service and support fleet by unit number, and provided, among other things, the year, make, model, description and fair market value of each unit of equipment, including the five units Baldridge identified for the sale/leaseback transaction with Plaintiff.

39.     The Rouse Spreadsheet identified unit number 504 as the 2006 Liebherr Crane with "both narrow and wide track [the Wide Frame/Narrow Track] plus super lift, L, LL, SLN, SLND, S2F2, SDBW configurations", with a fair market value of $3,005,000.

40.     Baldridge attached another spreadsheet to the February 12, 2018 e-mail, which listed only the five units identified by Baldridge for the sale/leaseback transaction, again identified by unit number, and providing the year, make, model, description and the fair market value for each unit (the "Equipment Spreadsheet"). Unit number 504 was again described as the entire 2006 Liebherr Crane Package – the 2006 Liebherr Crane together with the Wide Frame/Narrow Track – "LR 1400/2W both narrow and wide track plus super lift, L, LL, SLN, SLND, S2F2, SDBW configurations", with a fair market value of $3,005,000.

41.     The other four units of equipment that Baldridge initially proposed for the sale/leaseback transaction – unit numbers 311, 406, 502 and 503 – were described in the Rouse Spreadsheet and the Equipment Spreadsheet as follows:

- Unit # 311 – 2015 Grove GMK4115 All-Terrain Crane, with a fair market value of $1,095,000;

COMPLAINT
Page 10 of 27
Case No. 6:20-cv-00498

- Unit # 406 – 2000 Liebherr LTM 1300/1x All-Terrain Crane w/superlift & luffing/swing jib, with a fair market value of $1,090,803;

- Unit # 502 – 2008 Liebherr LR1400/2W Crawler Crane (the "2008 Liebherr Crane") both narrow and wide track plus super lift (the "2008 Liebherr Crane Package"), with a fair market value of $3,099,000 (this unit was also fitted with a wide frame/narrow track system), and;

- Unit # 503 – 2010 Grove GMK7550 All-Terrain Crane w y guyed boom and super lift (*i.e.*, the 2010 Grove Crane), with a fair market value of $2,430,000.

(together with the 2006 Liebherr Crane Package, the "Five Cranes")

42.    In the days after the February 12, 2018 email, Baldridge confirmed and represented to Hicks numerous times that the proposed sale/leaseback transaction would include the entire 2006 Liebherr Crane Package, and represented that Axis could, at the time, exercise the RPO on the 2006 Liebherr Crane Package with Bigge for $2,294,845, leaving Axis with over $710,000 in equity in the 2006 Liebherr Crane Package, which equity Westward wanted to convert into cash for Axis through the sale/leaseback transaction.

43.    On February 21, 2018, Baldridge, from his Westward email account, e-mailed Hicks the appraisal completed by Rouse, and again provided the Rouse Spreadsheet, stating that the pertinent information regarding the Five Cranes (listed by unit number) was contained in the Rouse Spreadsheet.

**B.  Sterling's May 2018 Appraisal of the Five Cranes.**

44.    On or about March 1, 2018, Hicks forwarded a proposal to Baldridge, dated March 1, 2018 (the "Proposal"), which outlined the proposed terms and conditions for the sale/leaseback transaction that Plaintiff would consider. As set forth in the Proposal, Hicks advised that Plaintiff was interested in proceeding with respect to one or more of the Five Cranes

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

that Baldridge previously identified. Hicks also advised that Plaintiff required an appraisal of the Five Cranes as part of the underwriting process.

45.    Upon learning that Plaintiff would require physical appraisals if all Five Cranes were included in the sale/leaseback transaction, Baldridge informed Hicks that, of the Five Cranes, Axis only wanted to proceed with respect to the 2006 Liebherr Crane Package. Baldridge also informed Hicks that Axis could then, in April of 2018, exercise the RPO on the 2006 Liebherr Crane Package with Bigge for approximately $2,000,000 ($300,000 less than the purchase price proposed in February of 2018), and given its fair market value of $3,005,000, Axis would use the $1,000,000 cash from equity for working capital.

46.    Baldridge and Wilt attempted to convince Hicks that a physical appraisal of the 2006 Liebherr Crane Package was unnecessary, and urged Plaintiff to rely on the Rouse appraisal for underwriting purposes or, at most, obtain a desktop rather than a physical appraisal, because the Rouse appraisal was already complete, would be less expensive and would take less time, which would allow the parties to close on the transaction more quickly.

47.    Hicks, though, informed Baldridge and Wilt that Plaintiff required a full, physical appraisal of the 2006 Liebherr Crane Package, even if that was the only unit included in the proposed transaction. After receiving that news, Defendants reversed back to their original request that Plaintiff proceed to approve the transaction with respect to all Five Cranes, and Baldridge executed the Proposal on behalf of Axis on April 18, 2018.

48.    After receiving the executed Proposal and the underwriting deposit, Plaintiff engaged Sterling to perform a physical appraisal of the Five Cranes, including the 2006 Liebherr Crane Package. Plaintiff provided Sterling with a copy of the Equipment Spreadsheet, which

COMPLAINT
Page 12 of 27
Case No. 6:20-cv-00498

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

Baldridge had forwarded to Hicks on numerous occasions. Wilt designated Clark to serve as the main point of contact for Sterling during the appraisal process.

49.     Toward the end of April 2018, and prior to Sterling inspecting the Five Cranes, Clark advised B. Anderson that both the 2008 Liebherr Crane and the 2006 Liebherr Crane came with the Wide Frame/Narrow Track, that the Wide Frame/Narrow Track would be part of the proposed sale/leaseback transaction for both the 2008 Liebherr Crane and the 2006 Liebherr Crane, and therefore each crane should be appraised accordingly.

50.     Clark further advised that the Wide Frame/Narrow Track for the 2008 Liebherr Crane was not then with the 2008 Liebherr Crane, which was located in Los Vientos, Texas, but was located at Axis's yard in Hubbard, Oregon. Clark also advised B. Anderson that the Wide Frame/Narrow Track for the 2006 Liebherr Crane was not then with the 2006 Liebherr Crane, which was located in Snyder, Texas, but was located at Bigge's yard in Houston and was scheduled to be delivered to Axis at a later date.

51.     B. Anderson also had numerous conversations with Wilt, during which Wilt represented that the 2006 Liebherr Crane came with the Wide Frame/Narrow Track, that the Wide Frame/Narrow Track would be part of the sale/leaseback transaction, and that Defendants wanted Sterling to capture the value of the Wide Frame/Narrow Track in the appraisal report Sterling was preparing for Plaintiff.

52.     B. Anderson also spoke with Apo, the equipment sales manager at Bigge, who confirmed that the Wide Frame/Narrow Track for the 2006 Liebherr Crane was present at Bigge's yard in Houston, TX, and that Axis had advised Bigge it would be purchasing the entire 2006 Liebherr Crane Package.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

53.     On May 1, 2018, B. Anderson inspected the Wide Frame/Narrow Track for the 2008 Liebherr Crane located in Axis's yard in Hubbard, Oregon. On May 3, 2018, B. Anderson inspected the 2006 Liebherr Crane in Snyder, Texas. And, on May 4, 2018, he inspected the 2008 Liebherr Crane in Los Vientos, Texas.

54.     On May 3 and 4, 2018, B. Anderson sent Clark emails requesting various documents, including the full specifications and "rig up sheets" for the Five Cranes, and the purchase agreement with Bigge for the 2006 Liebherr Crane Package.

55.     On May 10, 2018, a week after B. Anderson's initial request to Clark, Wilt sent B. Anderson an email, stating: "Brett, Sorry for the delay, Please see attached equipment breakdowns for 5 cranes. I have included the sales agreement from Bigge for unit [504]…Also attached is the info on the Narrow Track system for the LR 1400's. If you should have any questions please don't hesitate to give me a call."

56.     Wilt attached a spreadsheet to his email, which listed the unit numbers for the Five Cranes along with their make, model, year, description and accessories. Wilt listed the Wide Frame/Narrow Track as an accessory to the 2006 Liebherr Crane.

57.     Wilt also attached to his email a written quotation from Bigge for the 2006 Liebherr Crane Package, dated January 26, 2017 (the "January 2017 Quote"). The January 2017 Quote, addressed to "Travis Wilt, AXIS CRANE", described the entire 2006 Liebherr Crane Package (including the Wide Frame/Narrow Track), with a sale price of $3,500,000.

58.     Finally, Wilt also attached to his email a Liebherr LR1400/2-W Supplement, which contained information on the Wide Frame/Narrow Track.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321    Fax (503) 243-2687
tylerb@mcewengisvold.com

59.    In its May 10, 2018 appraisal report, Sterling ascribed a fair market value of $2,700,000 for the entire 2006 Liebherr Crane Package (the "Sterling Appraisal").

60.    After Hicks informed Baldridge of the fair market value of the Five Cranes as appraised by Sterling, Baldridge requested that Plaintiff "approve [unit #s] 502 [the 2008 Liebherr Crane Package], 503 [the 2010 Grove Crane] and 504 [the 2006 Liebherr Crane Package]…We would like to do 503 and 504 now and then 502 maybe down the road."

61.    On May 31, 2018, Greenberg sent an email to, among others, Baldridge, Wilt and Tolzmann, requesting further details on Axis's proposed use of the $1,700,000 of equity in the 2006 Liebherr Crane Package and 2010 Grove Crane that Axis would realize upon close of the sale/leaseback transaction.

62.    Baldridge responded from his Westward email account that, in fact, there would be a $1,850,000 cash infusion through the transaction with Plaintiff, and explained that Axis received an updated buyout from Manitowoc on the 2010 Grove Crane that was $150,000 lower than anticipated. Based on Sterling's appraised value of $2,350,000 for the 2010 Grove Crane and a purchase price of $1,700,000, Baldridge attributed $650,000 of the total $1,850,000 in equity to the 2010 Grove Crane. And, Baldridge attributed the remaining $1,200,000 in equity to the 2006 Liebherr Crane Package.

C.    **Closing of the Sale-Leaseback Transaction.**

63.    On June 6, 2018, Baldridge emailed Greenberg and Hicks an invoice from Manitowoc for the buyout of the 2010 Grove Crane for $1,704,395.76.    Later that day, Baldridge, again from his Westward email account, emailed Greenberg an invoice and purchase agreement from Bigge for the 2006 Liebherr Crane for $1,500,000.    Although the Wide

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321    Fax (503) 243-2687
tylerb@mcewengisvold.com

Frame/Narrow Track for the 2006 Liebherr Crane was not listed in this invoice, Baldridge made no indication in his message that Defendants no longer intended for Axis to purchase the Wide Frame/Narrow Track for the 2006 Liebherr Crane, as Defendants represented they planned to do in numerous, previous communications.

64.    On June 13, 2018, the sale/leaseback transaction for the 2006 Liebherr Crane Package and the 2010 Grove Crane closed. Plaintiff paid Axis a total of $5,050,000, representing the sum of $2,700,000 for the 2006 Liebherr Crane Package and $2,350,000 for the 2010 Grove Crane. Plaintiff paid the fair market value of those two cranes as appraised by Sterling.

65.    At Baldridge and Wilt's direction, $1,500,000 of the $5,050,000 was distributed to Bigge for Axis's purchase of the 2006 Liebherr Crane Package and Axis received $1,845,604.24 in cash.  The remaining $1,704,395.76 was distributed to Manitowoc for Axis's purchase of the 2010 Grove Crane.

66.    In connection with the sale/leaseback transaction, Baldridge, who described himself as an "authorized signatory" for Axis, executed an Equipment Bill of Sale, dated June 13, 2018, pursuant to which Axis purportedly transferred title to the 2006 Liebherr Crane Package and the 2010 Grove Crane to Plaintiff (the "Bill of Sale"). The description of the 2006 Liebherr Crane Package in the Bill of Sale included both the 2006 Liebherr Crane and the Wide Frame/Narrow Track – "2006 Liebherr LR1400/2 440 Ton Lattice Boom Crawler Crane…wide frame and narrow track systems". In the Bill of Sale, Baldridge also represented that Axis had "good and marketable title to [the 2006 Liebherr Crane Package]" and that Axis could "transfer valid title thereto free and clear of any and all encumbrances, liens, charges or defects".

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

67.    The lease of the 2006 Liebherr Crane Package and the 2010 Grove Crane from Plaintiff to Axis was evidenced by a master lease agreement dated June 13, 2018 (the "Master Lease") and Equipment Schedule AXIS-0001 also dated June 13, 2018 (the "Equipment Schedule", together with the Master Lease and the Bill of Sale, collectively the "Sale/Leaseback Documents") .

68.    The Master Lease was executed by Wilt and governed the general terms and conditions pursuant to which Axis agreed to lease the cranes from Plaintiff. Wilt represented therein that Axis had "good title to, rights in, and/or power to transfer [the 2006 Liebherr Crane Package]", and described Axis's "unconditional and irrevocable acceptance [of the 2006 Liebherr Crane Package]" for the purpose of leasing it from Plaintiff.

69.    Baldridge, again describing himself as an "authorized signatory" for Axis, executed the Equipment Schedule, which details the specific terms and conditions pursuant to which Axis agreed to lease the cranes from Plaintiff. The Equipment Schedule described the 2006 Liebherr Crane and the Wide Frame/Narrow Track – "2006 Liebherr LR1400/2 440 Ton Lattice Boom Crawler Crane…wide frame and narrow track systems".

70.    In the Equipment Schedule, Baldridge represented that the 2006 Liebherr Crane Package was (a) duly delivered to Axis, (b) received, inspected and determined to be in compliance with all applicable specifications, and (c) accepted for all purposes of the Master Lease.

71.    Baldridge also represented in the Equipment Schedule that Axis had good and marketable title to the 2006 Liebherr Crane Package conveyed thereunder and did thereby transfer an interest therein free and clear of any and all encumbrances, liens, charges or defects.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

D. **Defendants' Fraud Is Revealed.**

72.    After Axis filed for relief under Chapter 7 of the Bankruptcy Code, the Bankruptcy Court granted Plaintiff's motion for relief from the automatic stay, by order dated June 14, 2019, to allow Plaintiff to recover the 2006 Liebherr Crane Package and the 2010 Grove Crane.

73.    In preparation for Plaintiff's recovery and disposition of the 2006 Liebherr Crane Package, Schwandt performed an inspection and discovered that the Wide Frame/Narrow Track was missing.

74.    Thereafter, Schwandt contacted Apo to discuss the 2006 Liebherr Crane Package. Apo informed Schwandt that the entire 2006 Liebherr Crane Package, as described in Bigge's January 2017 Quote, was originally requested by Axis to be included in the sale from Bigge to Axis. However, immediately prior to the sale of the 2006 Liebherr Crane Package from Bigge to Axis, and the coordinated closing of the sale/leaseback transaction with Plaintiff, one or more of Defendants advised Bigge that Axis would no longer be purchasing the Wide Frame/Narrow Track, and Axis, through Defendants, purchased only the 2006 Liebherr Crane from Bigge.

75.    Defendants made numerous representations to Plaintiff that the entire 2006 Liebherr Crane Package would be included in the sale/leaseback transaction with Plaintiff, and that the entire 2006 Liebherr Crane Package in fact was included in the sale/leaseback transaction with Plaintiff. Defendants' representations were false, and Defendants knew the representations were false when they made them. Defendants intended that Plaintiff would rely on their false representations to Plaintiff's detriment by purchasing the 2006 Liebherr Crane at a

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

price that was in excess of $1,200,000 above its fair market value. But for Defendant's false representations, Plaintiff would not have paid Axis $2,700,000 for only the 2006 Liebherr Crane.

76.     As Axis did not purchase the Wide Frame/Narrow Track from Bigge, Axis had no interest therein to sell to Plaintiff. Defendants' representations in the Sale/Leaseback Documents that Axis had good title to, rights in, and/or power to transfer valid title to the entire 2006 Liebherr Crane Package to Plaintiff were false. Defendants knew their representations were false when they made them.    Defendants intended that Plaintiff would rely on their false representations to Plaintiff's detriment by purchasing the 2006 Liebherr Crane at a price that was in excess of $1,200,000 above its fair market value. But for Defendants' false representations, Plaintiff would not have paid Axis $2,700,000 for only the 2006 Liebherr Crane.

**FIRST CAUSE OF ACTION**
**FRAUD AGAINST ALL DEFENDANTS**

77.     Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 76 above as if set forth fully below.

78.     Wilt and Clark, acting on behalf of Axis, knowingly and intentionally misrepresented material facts which were false and known by them to be false, and were made with the intention that Plaintiff rely upon them to purchase the 2006 Liebherr Crane from Axis for far more than it was worth.

79.     Baldridge, acting on behalf of both Westward and Axis, knowingly and intentionally misrepresented material facts which were false and known by him to be false, and were made with the intention that Plaintiff rely upon them to purchase the 2006 Liebherr Crane from Axis for far more than it was worth.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

80.     Wilt and Clark also aided and abetted the fraudulent scheme by making the same misrepresentations of material facts to Plaintiff and Plaintiff's agent, Sterling.

81.     Both Baldridge and Wilt executed the Sale/Leaseback Documents, through which they falsely represented that Axis purchased the 2006 Liebherr Crane Package from Bigge, was transferring good and marketable title to the 2006 Liebherr Crane Package to Plaintiff and was leasing the same back from Plaintiff.

82.     Defendants knew that the representations in the Sale/Leaseback Documents were false when made because Defendants had no intention of causing Axis to purchase the Wide Frame/Narrow Track from Bigge.

83.     As Defendants knew that Axis did not purchase the Wide Frame/Narrow Track from Bigge, they knew that they were not transferring ownership of the Wide Frame/Narrow Track to Plaintiff, nor could they lease the Wide Frame/Narrow Track from Plaintiff, as they falsely represented they were doing in the Sale/Leaseback Documents.

84.     Plaintiff's reliance on Defendants' misrepresentations was reasonable and justified.

85.     At the time Sterling valued the 2006 Liebherr Crane Package at $2,700,000, and at the time Plaintiff executed the Sale/Leaseback Documents, Plaintiff was not aware that the representations made by Defendants with respect to the inclusion of the Wide Frame/Narrow Track in the sale/leaseback transaction were false and were being used as a ruse for profit by Defendants.

86.     As a direct and proximate result of Plaintiff's reliance on Defendants' false representations, Plaintiff has been damaged in an amount to be proven at trial, but estimated to

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

be not less than $1,200,000, together with interest thereon and costs and disbursements incurred herein.

87.    Defendants' actions were malicious, reckless and outrageous, and Plaintiff is entitled to an award of $1,200,000 in punitive damages.

## SECOND CAUSE OF ACTION

## FRAUD IN THE INDUCEMENT AGAINST ALL DEFENDANTS

88.    Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 87 above as if set forth fully below.

89.    Wilt and Clark, acting on behalf of Axis, knowingly and intentionally misrepresented material facts which were false and known by them to be false, and were made with the intention that Plaintiff rely upon them in entering into the Sale/Leaseback Documents, whereby Plaintiff would purchase the 2006 Liebherr Crane from Axis for far more than it was worth.

90.    Baldridge, acting on behalf of both Westward and Axis, knowingly and intentionally misrepresented material facts which were false and known by him to be false, and were made with the intention that Plaintiff rely upon them in entering into the Sale/Leaseback Documents, whereby Plaintiff would purchase the 2006 Liebherr Crane from Axis for far more than it was worth.

91.    In the Sale/Leaseback Documents themselves, Baldridge and Wilt represented that Axis purchased the 2006 Liebherr Crane Package from Bigge, was transferring good and marketable title to the 2006 Liebherr Crane Package to Plaintiff, and would lease the same back

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

from Plaintiff.  Those representations were false and Defendants knew those representations were false when they made them.

92.     At the time of Defendants' misrepresentations, Defendants had no genuine intention of purchasing the 2006 Liebherr Crane with the Wide Frame/Narrow Track from Bigge and, thus, Defendants never intended to transfer ownership of same to Plaintiff through the sale/leaseback transaction.

93.     At the time of Defendants' misrepresentations, Defendants also had no genuine intention of leasing the 2006 Liebherr Crane Package from Plaintiff because Defendants did not purchase from Bigge and then sell to Plaintiff the 2006 Liebherr Crane with the Wide Frame/Narrow Track as they represented.

94.     Defendants made these material misrepresentations of fact with the intention that Plaintiff rely upon them.

95.     In justifiable reliance upon Defendants' material misrepresentations, Plaintiff entered into the Sale/Leaseback Documents whereby Plaintiff paid Axis $2,700,000, representing the fair market value of the 2006 Liebherr Crane Package.

96.     Plaintiff's reliance on Defendants' misrepresentations was reasonable and justified.

97.     On June 13, 2018, when Plaintiff entered into the Sale/Leaseback Documents with Axis, Plaintiff was not aware that the representations made by Defendants were false and were used as a ruse to defraud Plaintiff for profit by Defendants.

/ / /

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

98.     Had Plaintiff known these representations were false, it would not have entered into the Sale/Leaseback Documents and paid Axis $2,700,000 solely for the 2006 Liebherr Crane.

99.     Plaintiff was fraudulently induced into entering into the Sale/Leaseback Documents.

100.    As a direct and proximate result of Plaintiff's justified reliance on the material misrepresentations of fact alleged herein, Plaintiff has been damaged in an amount to be proven at trial, but estimated to be not less than $1,200,000, together with interest thereon and costs and disbursements incurred herein.

101.    Defendants' actions were malicious, reckless and outrageous, and Plaintiff is entitled to an award of $1,200,000 in punitive damages.

### THIRD CAUSE OF ACTION

### WESTWARD IS AN ALTER-EGO OF AXIS AND
### AXIS IS A MERE INSTRUMENTALITY OF WESTWARD

102.    Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 101 above as if set forth fully below.

103.    At all times relevant herein, Axis was a portfolio company of Westward, which, through its wholly owned subsidiary Investco, held a controlling membership interest in Axis.

104.    Upon information and belief, at all times relevant herein, Westward co-founders Baldridge and Tolzmann, and partner, Araki, served on Axis's board of directors. The board of directors had the sole and exclusive right to manage the business and affairs of Axis and had the right and power to cause Axis to exercise any or all of its powers under ORS Chapter 63.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

105.    Upon information and belief, at all times relevant herein, by virtue of Baldridge, Tolzmann and Araki constituting a majority of Axis's board of directors and Westward's majority ownership interest, through Investco, in Axis, Westward had complete dominion and control over Axis's business and affairs.

106.    Upon information and belief, at all times relevant herein, Westward dictated and controlled Axis's day-to-day operations.

107.    Upon information and belief, at all times relevant herein, Axis's employees were working and acting in furtherance and at the direction of Westward.

108.    Westward held itself out to the public and to Plaintiff specifically as being the majority holder of the membership interests in Axis. At all times relevant herein, Baldridge led Plaintiff to believe, and Plaintiff did believe, that Baldridge was dealing with Plaintiff as a member of Westward.

109.    Westward engaged in business dealings on behalf of Axis, including the sale/leaseback transaction with Plaintiff.

110.    Upon information and belief, Westward made and approved the decision for Axis to enter into the sale/leaseback transaction with Plaintiff.

111.    Upon information and belief, Baldridge was acting in his capacity as a founder and manager of Westward during his negotiations with Plaintiff concerning the sale/leaseback transaction.

112.    Baldridge was speaking on behalf of Westward when he falsely represented that Axis would be exercising its purchase option on the 2006 Liebherr Crane Package under the RPO.

COMPLAINT
Page 24 of 27
Case No. 6:20-cv-00498

113.    Westward, through Baldridge, personally contacted Plaintiff, on behalf of and for the benefit of Axis, to engage Plaintiff in the sale/leaseback transaction with Axis.

114.    Westward, through Baldridge, falsely represented to Plaintiff that the Wide Frame/Narrow Track would be included in the purchase of the 2006 Liebherr Crane from Bigge.

115.    Upon information and belief, Westward managed and directed Axis's execution of the Sale/Leaseback Documents whereby Axis misrepresented to Plaintiff that Axis purchased the 2006 Liebherr Crane Package from Bigge, was transferring title to the 2006 Liebherr Crane Package to Plaintiff, and would lease the same back from Plaintiff through the sale/leaseback transaction, as demonstrated by Baldridge's execution of the Equipment Schedule as an "authorized signatory" of Axis notwithstanding that he was not an officer of Axis.

116.    Westward's intentional misrepresentations caused Plaintiff to enter into the Sale/Leaseback Documents with Axis, whereby Plaintiff purchased the 2006 Liebherr Crane for $1,200,000 more than its actual fair market value.

117.    Through its dominion and control of Axis and wrongful conduct in causing Plaintiff to purchase the 2006 Liebherr Crane for far more than its actual value, Westward abused the privilege of doing business in the corporate form through Axis with respect to Plaintiff.

118.    Adhering to the corporate separateness of Westward from Axis with respect to the sale/leaseback transaction would promote injustice and/or fraud.

119.    Therefore, Westward should be liable for Axis's indebtedness to Plaintiff by piercing the corporate veil between Westward and Axis.

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321    Fax (503) 243-2687
tylerb@mcewengisvold.com

120.    As a direct and consequential result of Westward's conduct, Plaintiff has been damaged in an amount to be proven at trial, but estimated to be not less than $1,200,000, together with interest thereon, costs, disbursements and attorney's fees incurred herein pursuant to the Master Lease.

121.    Defendants' actions were malicious, reckless and outrageous, and Plaintiff is entitled to an award of $1,200,000 in punitive damages against Westward.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

i)    On Plaintiff's First Cause of Action, for compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial, but estimated to be not less than $1,200,000 and an additional $1,200,000 in punitive damages, together with interest thereon, and costs and disbursements incurred herein;

ii)    On Plaintiff's Second Cause of Action, for compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial, but estimated to be not less than $1,200,000 and an additional $1,200,000 in punitive damages, together with interest thereon, and costs and disbursements incurred herein;

iii)    On Plaintiff's Third Cause of Action, for compensatory damages against Westward in an amount to be proven at trial, but estimated to be not less than $1,200,000

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com

and an additional $1,200,000 in punitive damages, together with interest thereon and an

award of Plaintiff's reasonable attorney's fees, costs and disbursements incurred herein

and in any post-judgment collection efforts against Westward; and

      iv)    Such other relief as the Court may deem just and proper.

DATED this 25th day of March, 2020.

             McEWEN GISVOLD LLP

             By:  *s/ Tyler J. Bellis*
               Tyler J. Bellis, OSB No. 082600
               Email: tylerb@mcewengisvold.com
               Alysha Van Zante, OSB No. 184664
               Email: alyshav@mcewengisvold.com
               Telephone: (503) 226-7321

               Of Attorneys for Plaintiff

**McEwen Gisvold LLP**
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
(503) 226-7321   Fax (503) 243-2687
tylerb@mcewengisvold.com